UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXELON GENERATION COMPANY, LLC, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) Case No. 06 C 6961 ) |
| LOCAL 15, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, | ) Judge Lefkow ) ) Magistrate Judge Valdez ) |
| Defendant/Counterclaim Plaintiff. | ) ) |

**MOTION OF EXELON GENERATION COMPANY FOR ENTRY OF JUDGMENT WITHOUT STAY OR, IN THE ALTERNATIVE, TO ALTER OR AMEND A JUDGMENT, OR IN THE FURTHER ALTERNATIVE, TO CERTIFY THE CONTROLLING QUESTION FOR APPELLATE REVIEW**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 58(d) and 59(e), Plaintiff/Counterclaim Defendant Exelon Generation Company, LLC ("Exelon" or the "Company"), by its attorneys, submits this Motion for Entry of Judgment Without Stay or, in the Alternative, to Alter or Amend a Judgment, or in the Further Alternative, To Certify The Controlling Question for Appellate Review, in response to the Court's Opinion and Order, and accompanying Minute Entry, dated September 29, 2008 (Docket Nos. 87, 88). In support of this Motion, Exelon states as follows:

**Background**

1. Exelon filed its Complaint for Declaratory Judgment (Docket No. 1) in this matter requesting a judicial declaration that unescorted access decisions, both with respect to individual grievant Terrence McMahon and in general, made by the Company in accordance with NRC

regulations and requirements are not subject to arbitration under the grievance and arbitration procedure of the Collective Bargaining Agreement ("CBA") between the Company and Defendant/Counterclaim Plaintiff Local 15, International Brotherhood of Electrical Workers, AFL-CIO (the "Union").

2. The Union filed its Answer and Counterclaim (Docket No. 15), in which it requested solely that the Court issue an Order stating that, "Exelon is ordered and directed to proceed to arbitration forthwith as to all issues involving Terrence McMahon's access and employment with Exelon as set forth in the three consolidated grievances and in accordance with the collective bargaining agreement." (Docket No. 15 at 23). The Company answered the Counterclaim. (Docket No. 19).

3. Following discovery, the Company (Docket No. 44) and the Union (Docket No. 39) each filed Motions for Summary Judgment, respectively on the Complaint and the Counterclaim. As relief in its Motion for Summary Judgment, the Union requested that the Court grant its Motion, deny the Company's Motion, and compel arbitration.

4. The Union also filed an "Application to Stay Proceedings and Petition to Compel Arbitration." (Docket No. 38). That Application requested an order compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 and a stay pursuant to 9 U.S.C. § 3.

5. On September 29, 2008, this Court issued its Memorandum Opinion and Order, granting Local 15's Motion for Summary Judgment, denying Exelon's Motion for Summary Judgment, and granting without discussion Local 15's Motion to Stay Proceedings and Compel Arbitration. (Docket No. 88). The Court issued a Minute Entry (Docket No. 87) the same day, specifying that, "For the reasons stated in the Memorandum Opinion and Order, defendant's

motion for summary judgment [#39] is granted, plaintiff's motion for summary judgment [#44] is denied, and defendant's motion to stay proceedings and compel arbitration [#38] is granted. The court hereby stays the case pending arbitration and directs the parties to proceed to arbitration pursuant to the terms of the CBA."

**Inappropriateness of Stay**

6. The Court's Order compelling arbitration and granting the Union's Motion for Summary Judgment, while denying the Company's Motion for Summary Judgment on its Complaint for Declaratory Relief, completely resolved all matters pending before the District Court. It is a ruling on the merits of the Complaint and the Counterclaim, and it granted in its entirety the relief sought by the Union.

7. As part of the relief granted to the Union, the Court issued a stay of the proceedings. The Union had requested such a stay in its "Application to Stay Proceedings and Petition to Compel Arbitration," asserting that, "Pursuant to [the Federal Arbitration Act] 9 U.S.C. 3 the Union is entitled to a stay of this court proceeding until arbitration can be heard . . . ." (Docket No. 38). As the Seventh Circuit has noted, however, even though the Federal Arbitration Act is "a source of principles to guide the formulation of a federal common law of labor arbitration under section 301 [of the Taft-Hartley Act, 29 U.S.C. § 185]," it is "formally inapplicable to labor arbitration." Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union v. Excelsior Foundry Co., 56 F.3d 844, 848 (7th Cir. 1995) (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 40 n.9 (1987)); accord Local 2322, IBEW v. Verizon New England, Inc., 464 F.3d 93, 96 (1st Cir. 2006) (FAA "does not apply [to labor arbitration] of its own force"); IBEW, Local 545 v. Hope Elec. Corp., 380 F.3d 1084, 1097 (8th Cir. 2004).

Accordingly, contrary to the Union's claims, the Federal Arbitration Act of its own force creates no statutory entitlement to a stay pending arbitration.

8. Even if this Court were to determine that the FAA applied to this action, Section 3 merely provides in pertinent part that "if any suit or proceeding be brought . . . upon any issue referable to arbitration . . . .," then the Court shall "stay the trial of the action" at issue in the suit or proceeding. 9 U.S.C. § 3. In this case, there is no trial to be stayed. Moreover, no "suit or proceeding" has been brought "upon any issue referable to arbitration." Exelon filed its Complaint seeking a declaratory judgment that the grievances filed by the Union were not arbitrable. The Union, in its Counterclaim, sought a ruling directing Exelon to arbitrate the grievances under the parties' Collective Bargaining Agreement ("CBA"). Neither "suit or proceeding" was brought upon an issue found to be referable to arbitration. Indeed, the Court's Order does not refer Exelon's request for declaratory judgment or the Union's request for arbitration on the underlying grievances to arbitration; rather, the Order reflects the Court's substantive rulings on those requests and compels arbitration on the grievances in accordance with the CBA.

9. By denying on summary judgment Exelon's Complaint for Declaratory Judgment and granting summary judgment on the Union's Counterclaim to compel arbitration, the Court has fully resolved the merits of this matter. Nothing remains to be stayed, making the Court's ruling under the principles of the FAA much more in the nature of a "final decision with respect to an arbitration," see 9 U.S.C. § 16(a)(3), than an action awaiting trial for which Section 3 was, by its plain language, designed. Thus, under the FAA, as well as under ordinary judicial principles, a stay in this matter is unnecessary and unwarranted. See, e.g., Prudential Securities Inc. v. Sugiura, 844 F.Supp. 411, 416 (N.D. Ill. 2004) (Shadur, J.) (where court denied plaintiff's

suit for declaratory judgment concerning arbitrability, except for certain time-barred claims, and found in favor of defendant on counterclaim demanding arbitration, court denied defendant's request for stay pursuant to Section 3 on grounds that there was no need for a stay because, "This action is at an end with the issuance of the declarations contained in the first sentence of this paragraph-those declarations represent the final order in this case.").

10. The presence of the stay in the Court's Order, however, may create uncertainty concerning whether the Court's Order constitutes a "final decision" within the meaning of 28 U.S.C. § 1291 in the event the Company elects to appeal the District Court's decision, as the Union's counsel has asserted in informal communication with the undersigned that the Court's Order is interlocutory, rather than final, in nature.

### Request for Entry of Judgment Without Stay

11. The Court's Minute Entry disposing of this case likewise may create uncertainty with respect to the appealability of the Court's Order. Exelon therefore requests pursuant to FRCP 58(e) that the Court enter judgment on its Order on a separate document as required by Rule 58(a)—modified, however, to eliminate the Court's grant of a stay.

12. The Seventh Circuit has held that a minute entry can be a final judgment for purposes of 28 U.S.C. § 1291 and appellate jurisdiction where nothing of the case remains in the District Court after the docketing of the order, see, e.g., Martinez v. City of Chicago, 499 F.3d 721, 726 (7th Cir. 2007). It also has indicated, however, a preference for a separate judgment entered pursuant to FRCP 58, see American Nat'l Bank & Trust Co. v. Secretary of Housing & Urban Dev't, 946 F.2d 1286, 1289 n.4 (7th Cir. 1991) (noting after lengthy analysis that, "This exercise to determine whether the decision of the district court set forth on the 'Minute Order Form' could satisfy the separate document requirement of Rule 58 for entry of a civil judgment

would have been avoided if the district clerk had simply followed proper procedure and entered Judgment Form AO 450."). In addition, at least one other Circuit Court has held that, "[a] minute entry, although it is a record of the court's final decision in a case or of an appealable interlocutory decision, cannot constitute a 'separate document' for the purposes of meeting the Rule 58 requirement." Transit Mgmt. of SE La., Inc. v. Group Ins. Admin., Inc., 226 F.3d 376, 382 (5th Cir. 2000) (citation omitted).

13. The Company therefore requests that the Court enter a formal judgment pursuant to Rule 58(a) to eliminate any doubt over whether the Court's Minute Entry of September 29, 2008 constitutes a final and appealable order. Although Exelon does not agree with the Court's conclusions in that Order, Exelon requests for these purposes that the judgment reflect that the Court has denied Exelon's motion for summary judgment, granted the Union's cross-motion, and compelled arbitration. Because, as noted, the stay serves no purpose since all matters before the District Court have been resolved, the Company requests that the final judgment eliminate the stay.

## Motion to Alter or Amend the Judgment

14. If the District Court determines that its Minute Entry is sufficient to meet the requirements of Rule 58, Exelon alternatively (or additionally, if the Court enters judgment in response to Exelon's request above that retains the stay as set forth in the Court's September 29 Order) moves pursuant to FRCP 59(e) to alter or amend the judgment to eliminate the stay.

15. Although some courts have held that an order granting summary judgment and compelling arbitration, even if coupled with a stay under the Federal Arbitration Act, can be appealable provided it resolves all matters pending before the district court, see e.g., Hill v. Rent-a-Center, Inc., 398 F.3d 1286 (11th Cir. 2005) (citing cases), others have suggested that the

presence of a stay may render such a judgment unappealable, see, e.g., Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 93 (2d Cir. 2002). Rather than require argument and analysis before the Seventh Circuit to demonstrate that all matters before the District Court have been resolved and that appeal is appropriate notwithstanding the stay, Exelon requests that the judgment be amended to reflect the reality that all matters have, in fact, been resolved.

## Petition for Certification of Question

16. In the event that the Court rejects Exelon's request that it eliminate the stay from its Order, Exelon requests in the further alternative that the Court amend its Order to certify for appeal the question of whether disputes over the denial of unescorted access rights to the Company's nuclear facilities, made by the Company's Nuclear Security Department in accordance with the Nuclear Regulatory Commission's regulations and requirements, are subject to review only pursuant to the Company's NRC-approved review procedures and are not within the scope of the parties' collective bargaining agreement or arbitrable under the contractual grievance process. As required by 28 U.S.C. § 1292(b), this question involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

17. The Seventh Circuit has held that, "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis in original). In this case, each of these requirements is met.

18. The question of arbitrability with respect to decisions concerning unescorted access to nuclear power plant plainly is a question of law. Not only is the issue of arbitrability in general a question of law, see, e.g., International Union of Operating Engineers v. Associated Gen. Contractors of IL,, 845 F.2d 704, 706 (7th Cir. 1988), but in this case, the question turns on the examination and interpretation of competing policies and statutory requirements under the Atomic Energy Act and the Energy Reorganization Act, together with Nuclear Regulatory Commission regulations, on the one hand, and the Labor Management Relations Act on the other, see Ahrenholz, 219 F.3d at 676 (noting that a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine").

19. The question presented is *the* controlling legal question in this litigation. A ruling that access decisions are abitrable, such as the ruling the Court entered in this matter, has resulted in adverse judgment on the Company's Complaint and summary judgment in favor of the Union on the Union's Counterclaim. A ruling that such decisions are not arbitrable would lead to directly contrary results.

20. The Court's decision is contestable. As evidence, the Court's Order directly conflicts with a decision of a district court in the District of New Jersey, which the Third Circuit affirmed on appeal. See Pub. Serv. Elec. & Gas Co. v. Local 94, IBEW, 140 F.Supp. 2d 384 (D.N.J. 2001), aff'd, 27 Fed. Appx. 127 (3d Cir. 2002) (*per curiam*). Moreover, the Court's Order resolves a question of first impression within this Circuit, a fact that, as the Seventh Circuit has observed, makes it "certainly contestable." Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1007-1008 (7th Cir. 2002).

21. Finally, to the extent any issues remain before the District Court that the Court believes make its stay order appropriate, a ruling by the Seventh Circuit on the question presented would expedite any further litigation. If the Seventh Circuit ruled that access decisions were not arbitrable, that would be the end of the matter. If it ruled that such issues were arbitrable, then the parties could proceed to arbitration without any remaining matters pending before the District Court.

22. This Motion, if granted, will not prejudice the Union or, on its own, alter the outcome on the merits as determined by the District Court. It seeks merely to clarify the status and nature of the judgment for purposes of potential appeal, or failing that, seeks to certify the controlling question for immediate review.

WHEREFORE, for all of the foregoing reasons, Plaintiff/Counterclaim Defendant Exelon Generation Company, LLC respectfully requests that:

1. The Court enter final judgment in accordance with Rule 58(a), eliminating, however, the grant of a stay; or, in the alternative (or additionally if the Court enters final judgment granting a stay as set forth in its September 29 Order),

2. It alter or amend the judgment to eliminate the stay; or

3. In the further alternative, in the event the Court rejects the Company's foregoing requests, it modify its prior Order to make the required findings set forth pursuant to 28 U.S.C. 1292(b) and to certify for appellate review the controlling question of law in this matter: whether disputes over the denial of unescorted access rights to the Company's nuclear facilities, made by the Company's Nuclear Security Department in accordance with the Nuclear Regulatory Commission's regulations and requirements, are subject to review only pursuant to

the Company's NRC-approved review procedures and are not within the scope of the parties'

collective bargaining agreement or arbitrable under the contractual grievance process.

Date:   October 14, 2008         Respectfully submitted,

EXELON GENERATION COMPANY, LLC,


By:  s/ James D. Weiss
       One of its Attorneys

Brian J. Gold (lead counsel) (IL Bar # 6182709)
James D. Weiss (IL Bar #6217031)
Brian P. Guarraci (IL Bar #6277583)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Fax: (312) 853-7036
E-mail:  bgold@sidley.com
            jweiss@sidley.com
            bguarraci@sidley.com

**CERTIFICATE OF SERVICE**

     I, James D. Weiss, one of the attorneys for Plaintiff/Counterclaim Defendant Exelon Generation Company, LLC, hereby certify that on October 14, 2008, a copy of the attached was filed electronically. Notice of this filing will be sent by e-mail to all parties, including Defendant/Counterclaim Plaintiff's counsel:

> John Joseph Toomey
> Arnold & Kadjan
> 19 West Jackson Boulevard
> Suite 300
> Chicago, IL 60604

by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

> s/ James D. Weiss
> James D. Weiss
> SIDLEY AUSTIN LLP
> One S. Dearborn Street
> Chicago, IL 60603
> Tel.: (312) 853-7000
> Fax: (312) 853-7036
> Email: jweisss@sidley.com